

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| PATRICIA CROUCH,             § | |
| Plaintiff,        § | |
| § | |
| vs.        § | CIVIL ACTION NO. 3:18-2045-MGL-SVH |
| § | |
| SOUTH CAROLINA DEPARTMENT OF § | |
| TRANSPORTATION,         § | |
| Defendant.        § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Patricia Crouch (Crouch) filed this lawsuit against her employer, Defendant South Carolina Department of Transportation (SCDOT), alleging four causes of action: Title VII retaliation, 42 U.S.C. § 2000e et seq.; violations of the Equal Pay Act (EPA), 29 U.S.C. § 206(d)(1); quantum meruit; and promissory estoppel. The Court has federal question jurisdiction over the Title VII and EPA claims under 28 U.S.C. § 1331, and supplemental jurisdiction over the quantum meruit and promissory estoppel causes of action in accordance with 28 U.S.C. § 1367.

The matter is before the Court for consideration of the Magistrate Judge's Report and Recommendation (Report) suggesting SCDOT's motion for summary judgment be granted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court.

*Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on March 9, 2020, Couch filed her objections on March 18, 2020, and SCDOT filed its reply on April 22, 2020. The Court has reviewed Couch's objections, but holds them to be without merit. It will therefore enter judgment accordingly.

Couch has been the finance manager for toll operations for SCDOT since 2004. Couch's immediate supervisor was formerly Marge Dorey (Dorey), who was the Director of Tolls. Dorey reported to Roy Tolson, who serves as the Director of Innovative Finance/Tolls.

On August 11, 2014, Couch met with Darlene Rikard, an official in SCDOT's human resources department, and complained of Tolson's sexual harassment of her. Rikard later advised Couch she had spoken to Tolson and she should have no further issues in the future with Tolson. Couch testified Tolson indeed stopped his sexual harassment conduct toward her.

Dorey retired from SCDOT on August 1, 2017. And, SCDOT has not filled her position. Couch's claims rise from her belief she should have been promoted to Dorey's former position as Director of Tolls.

*****

Couch agrees it is appropriate for the Court to grant SCDOT's motion for summary judgment on her EPA claim. But, she raises three other objections to the Magistrate Judge's advice to grant summary judgment on her other claims.

First, with respect to the Title VII retaliation claim, Couch argues the Magistrate Judge incorrectly concluded she is unable to show a sufficient causal connection to make out a prima facie case of retaliation.  She contends she was not promoted in retaliation for her reporting Tolson's alleged sexual harassment of her.

"To establish a prima facie claim of retaliation, a plaintiff must show: (1) that he engaged in protected activity, (2) that the employer took a materially adverse action against him[,] and (3) there is a causal connection between the protected activity and the adverse action." *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 213 (4th Cir. 2019).  The Magistrate Judge agreed Couch engaged in a protected activity by reporting Tolson's alleged misbehavior and, for purposes of SCDOT's motion, assumed SCDOT took an adverse employment action against Couch by not promoting her to Dorey's former position as Director of Tolls.

In concluding Couch failed to establish there is causal connection between Couch's protected activity and the adverse action, the Magistrate Judge noted that, although Couch had argued there was a causal link between her reporting Tolson and the failure to promote her, she had neglected to provide any analysis or evidentiary support.  The Magistrate Judge appears to have then assumed Couch was making a temporal proximity argument.  Thus, she went on to quote the Supreme Court, which has observed that "[t]he cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be 'very close[.]'" Report at 8 (quoting *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 74 (2001).

Based on this case law, the Magistrate Judge concluded Couch has failed to show any causality between her August 2014 protected activity of reporting Tolson and SCDOT's failure to promote her to the Director of Tolls position, which was vacated on August 1, 2017, when Dorey retired.

3

In Couch's objections, she argues that, "in cases where temporal proximity is not by itself the only evidence of a causal connection[,] . . . proximity does not necessarily have to be very close." Objections at 4.  She is correct.  But, even with that understanding, she has still neglected to offer any additional evidence of causality.  Thus, the Court will overrule this objection.

Couch's second objection is directed at the Magistrate Judge's suggestion the Court grant summary judgment on her quantum meruit cause of action.  In her objection, she contends the Magistrate Judge "improperly [recommends] that[,] because [SCDOT] provided [Couch] the maximum raise for the assumption of new duties under [SCDOT's] policies, . . . any benefit conferred by her was compensated[ ]" such that she is unable to satisfy the elements of her quantum meruit claim.  Objections at 4.

The South Carolina Supreme Court "has recognized quantum meruit as an equitable doctrine to allow recovery for unjust enrichment." *Columbia Wholesale Co., Inc. v. Scudder May N.V.*, 440 S.E.2d 129, 130 (S.C. 1994) (citation omitted).  To bring a quantum meruit claim, the plaintiff must establish the following: "(1) a benefit conferred by the plaintiff upon the defendant; (2) the realization of that benefit by the defendant; and (3) retention of the benefit by the defendant under circumstances that make it inequitable for him to retain it without paying its value." *Church v. McGee*, 705 S.E.2d 481, 487, 391 S.C. 334, 345 (S.C. App. 2011) (citation omitted).  "The benefit conferred must be nongratuitous." *Id*. (citation omitted).  But, in this instance, it is not.

There is no dispute Couch is being compensated for her work at SCDOT.  As such, the benefit Couch has conferred on SCDOT fails to meet the requirement the benefit must be nongratuitous, or given without payment.  As other courts in the Fourth Circuit have held, when an employee is paid a salary for the services she provides, she cannot successfully argue her employer

4

was unjustly enriched by the employee's provision of such services. *See, e.g., McCabe v. Abbott Lab., Inc.*, 47 F.Supp.3d 339 (E.D.N.C. 2014) (dismissing unjust enrichment claim where employee received salary in exchange for services); *Marley v. Univ. of S.C.*, Civil Action No. 08-937, 2010 WL 3852244 (D.S.C. Aug. 20, 2010) (same), (adopted by 2010 WL 3852175, at *1 (D.S.C. Sept. 27, 2010)). The Court agrees with these courts and will, therefore, also overrule this objection.

Third, Couch objects to the Magistrate Judge's conclusion Couch "failed to establish she was made an unambiguous promise" of being promoted to the Director position. Objections at 5.

"The elements of promissory estoppel are (1) an unambiguous promise by the promisor; (2) reasonable reliance on the promise by the promissee; (3) reliance by the promisee was expected by and foreseeable to the promisor; and (4) injury caused to the promisee by his reasonable reliance." *North American Rescue Products, Inc. v. Richardson*, 769 S.E.2d 237, 241 (S.C. 2015) (citation omitted). The Magistrate Judge concluded Couch is unable to meet the first requirement, "an unambiguous promise by the promisor," *id.*, and thus declined to consider the other three promissory estoppel elements.

According to Couch, however, SCDOT's "former employee, the former Director of Tolls, Marge Dorey, repeatedly promised [Couch] that upon her retirement on August 1st, 2017, [Couch] would receive the Director of Tolls position." Objections at 5 (citing to Dorey's deposition). In Dorey's deposition testimony on this issue, however, she testified as follows:

> Q: Okay. Did you ever have any conversations with . . . Crouch about her moving into your position after you left or taking over your duties after you left?
>
> A: Verbally and yes, and by virtue of this, ccing her on the email of you know I didn't say the position per se but I want to say it might have been understood that with me leaving she would assume those responsibilities. And I mean being two people in the office we would have this conversation frequently, because the last promotions we had had been hard fought

5

> through several administrations of people. So once those had been approved we we were hopeful that, you know, it would again be when I left she would would be would be seeing a promotion of some sort with the responsibility she has.

Dorey's Dep. at 32:2-18.

Just a cursory reading of Dorey's statements about Couch being promoted reveal they do not amount to even a promise, much less an unambiguous one. Instead, what Dorey said about Couch being promoted was equivocal, vague, and hopeful.

Again, as per Dorey's testimony, "I didn't say the position per se but I want to say it might have been understood that with me leaving she would assume those responsibilities." *Id*. at 32:7-10. And, "we were hopeful that, you know, it would again be when I left she would would be would be seeing a promotion of some sort[.]" *Id*. at 32:15-18. Consequently, the Court will overrule this objection, too.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Couch's objections, adopts the Report, and incorporates it herein. Accordingly, it is the judgment of this Court SCDOT's motion for summary judgment is **GRANTED**.  **IT IS SO ORDERED**.

Signed this 8th day of July, 2020, in Columbia, South Carolina.

/s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE
